IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
_Northern_ DIVISION

Cassa ndra Williams )
and B. Williams

**PLAINTIFFS**

} Civil Action Case No. :
} ADA, 504 Rehabilitation Act, 20 U.S.C. Section 1401 et seq
} LEE V. MACON CONSENT DECREE
} CHRIS D. CONSENT DECREE NO. 89-T-1185; 16 EHLR
} 1182 (M.D. ALABAMA 1990)

V.

**State of Alabama Board of Ed., Montgomery County Board of Education**
*P. Michael Cole, Erika Tatum,* Rusty Baker, Jimmy Barker, *Gloria Bean,* L. Henderson, Shannon Hill, Martha Kirkland (LEA Special Education Director), M. Looney, Tommie Miller, Ann McCurdy, D. Mc Quiddy, Connie Sawyer, Margaret Traylor, *and* M. Whetstone (State of Alabama Special Education Director)

Defendant(s).                )

## COMPLAINT

1. Plaintiff(s)' address and telephone number: _Brian Williams and_ C. Williams 6812 Briar Gate Ct., Montgomery, Alabama 36116

2. Name and address of defendant(s): **State OF Alabama Board of Ed.,** *P. Michael Cole,* M. Whetstone, D. Mc Quiddy, 50 North Ripley Street, Montgomery, Alabama 36104; **Montgomery County Board of Education** *Erika Tatum,* Rusty Baker, Jimmy Barker, *Gloria Bean,* L. Henderson, Shannon Hill, Martha Kirkland, M. Looney, Tommie Miller, Ann McCurdy, Connie Sawyer, Margaret Traylor, 307 South Decatur Street, Montgomery, Alabama 36104

3. Place of alleged violation of civil rights: ___ Montgomery, Alabama

4. Date of alleged violation of civil rights: on or about 2004

5. State the facts on which you base your allegation that your constitutional rights have been violated:

Plaintiff(s) believes **P. Michael Cole** (State Appointed Hearing Officer), State of Alabama Board of Education, Montgomery County Board of Education and its named agents have violated the Education for All Handicapped Children Act(EHA), 20 U.S.C. Section 1401 et seq., and Due Process and Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Said officials deprived Plaintiff(s) of statutory rights guaranteed by the Due Process and Equal Protection clause of the Fourteenth Amendment to the United States Constitution, Education for All Handicapped Children Act (EHA), 20 U.S.C. 1401 et seq., and section 504 Rehabilitation Act, as amended, 29 U.S.C. section 794, and its implementing regulations; Title II and Title VI; American with Disabilities Act (ADA) **42 U.S.C. Section 12131 et seq.**, and its implementing regulations, **28 C. F. R. Part 35,** which prohibit discrimination on the basis of disability and retaliation for participation in protected activity. The Act prohibits discrimination in the provision of public services, applies to Montgomery County Public Schools and State of Alabama Board of Education.; 42 U.S.C. section 1983 and section 1985. **DEPRIVED PLAINTIFF STATUTORY RIGHT TO A FREE APPROPRIATE PUBLIC EDUCATION**

1.) deprived plaintiffs' of a Free Appropriate Public Education; 2.) Subjected Plaintiffs' to unlawful discrimination; 3.) Refused to comply with terms and agreements of **Lee v. Macon Consent Decree** / Special Education August 25, 2000, and State /LEA Plan ; 4.) Refused to comply with terms and agreements of **Chris D. Consent Decree No.89-T-1165; 16 EHLR 1182 (M.D. Alabama 1990)**; 4.) refused to comply with the required procedural safeguards of the EHA/IDEA and its governing regulations 5.) failed to have sufficient number and type of staff or adequately trained staff to develop and implement adequate IEP for emotionally disabled and Specific Learning Disabled students; 6. ) failed to provide Prior Written Notice of Intent; 7. failed to convene or schedule a Due Process Hearing at Local Education Agency Level upon written request); 8.) failed or refused to provide information to the Plaintiffs relative to individual IEP progress, grades, and monitor the effectiveness of Positive Behavior Interventions employed as required by IDEA and Lee v. Macon and other Consent Decrees; 9.) used invidious tactics to subject Plaintiffs to unlawful discrimination; 10,) ignored parent concerns and rights; 11.) provided false information with malicious intent in bad faith; 12.) failed to act to protect Plaintiffs' rights; 13.) P. Michael Cole erred in his decision . His decision failed to adequately address all the issues of the complaint and grant the appropriate relief 14.) **P. Michael Cole (Hearing Officer)** conspired with other government and private actors to violate Plaintiff's statutory rights ( section 1985) 15.) Erika Tatum has willfully engaged in unlawful acts to discriminate and retaliate against Plaintiff and conspired with other officials to violate Plaintiff's statutory rights 16.) Failed to review, revise, develop, implement and monitor IEP's in a timely manner ; 17.) Connie Sawyer violated IDEA and FERPA by disclosing personally identifiable information to a disinterested third party (Bill Rogers) without parental consent; 18.) Failed to provide parent awareness and training; 19.) Failed or refused to establish/ implement adequate awareness, screening and referral activities to timely identify emotionally Disturbed student within the school district; 20) failed or refused to provide minimally adequate evaluations of emotionally disturbed student; 21.) Failed to use an interdisciplinary team to evaluate student ; 22.) Drafted an IEP before the student was evaluated.

punitive damages
Compensatory damages
Any other relief may be appropriate, including injunctive relief orders, cost, damages

Date: 30 Jun 05

Plaintiff(s) Signature