IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CASSANDRA WILLIAMS and           )
B.W., *a minor,*                 )
                                 )
    Plaintiffs,                )
                                 )
                                 )
v.                               )          2:05-CV-621-F
                                 )          WO
STATE OF ALABAMA BOARD OF        )
EDUCATION, *et. al.,*            )
                                 )
    Defendant.                 )

## <u>ORDER ON MOTION</u>

Pursuant to the reference order entered for action or recommendation on all pretrial matters (Doc.4), the Magistrate Judge considers the *Motion to Proceed In Forma Pauperis* and supporting affidavit, each  purportedly filed and signed by the minor plaintiff identified as *B.W.* (Doc. 2, June 30, 2005).

Although the Complaint identifies  "Cassandra Williams and BW" as plaintiffs who reside at the same address,  their relationship to each other is not described; nor does the complaint represent BW to be a minor.  Thus, the court is unable to declare with certainty either that this action can proceed on his behalf if he is represented by a proper party under Rule 17(c) of the Federal Rules of Civil Procedure, or that Cassandra Williams is a  proper  representative  for him. Accordingly, it is **ORDERED** as follows:

1. The *Motion to Proceed In Forma Pauperis* is **DENIED.**

2. Assuming that BW is a minor and Cassandra Williams is a parent or otherwise has a status which permits her serve as his representative pursuant to Rule 17(c), by **July 29, 2005, Cassandra Williams shall pay** to the Clerk of this Court **the filing fee of $250** to maintain  this

action *or,* **if appropriate, shall  file her own** *Motion to Proceed In Forma Pauperis,*  including

therein the facts regarding her identity to BW and her interests in pursuing this action on his behalf.

**If she fails to exercise either option, this case shall be dismissed.**

3.   If the filing fee or motion to proceed *IFP* is timely submitted, **the Clerk shall not**

**proceed to serve the defendants or to accept any further pleadings from the plaintiffs pending**

**further review by this court to determine the merits of this action**  under Rule 11, Federal Rules

of Civil Procedure.   For this reason, the court deems it appropriate to provide specific notice now

of the following concerns which dictate such a preliminary review and to encourage counsel to seek

the advice and counsel of a competent lawyer.

*a.  The Complaint consists solely of a  pre-printed form which* describes in the
caption these purported causes of action:  "ADA, 505 Rehabilitation Act, 20 U.S.C Section 1401
et seq, Lee v. Macon Consent Decree, Chris D. Consent Decree No. 89-T-1185, 16 EHLR, 1182
(M.D.ALabama 1990)."

Except for the date and signatures at the end, the only handwritten portion of the
complaint appears in  the first paragraph designated for identity of the plaintiff :  "Brian Williams
and" is the handwritten insert in front of the typed "C.Williams 6812 Briar Gate Ct., Montgomery,
Alabama 36116."

The "date of alleged violation of civil rights" is listed only generally as "on or about
2004" (¶ 4).  The Complaint includes no statement of "facts on which [to] base [plaintiffs']
allegation that [their] constitutional rights have been violated (¶ 5); instead, Plaintiffs state only their
belief that " P. Michael Cole (State Appointed Hearing Officer), State of Alabama Board of
Education, Montgomery County Board of Education and its named agents have violated" a host of
specified laws and constitutional provisions and thereby "deprived plaintiff(sic) statutory right to
a free appropriate public education."  Following this stated belief is a preprinted list of  22 alleged
acts, omissions, and/or deficiencies described only in conclusory terms and attributed to all of the
defendants (¶¶ 1-12; 16, 18-22);  Defendant Cole  (¶¶ 13, 14); Defendant Tatum, a lawyer sued
because she "willfully engaged in unlawful acts to discriminate and retaliate against Plaintiff and
conspired with other officials to violate Plaintiff's statutory rights", ¶ 15); and to Defendant Connie
Sawyer (¶ 17).

**b.  Designated as defendants in this complaint are public entities** supported by taxpayer funds– *the State of Alabama Board of Education and the Montgomery County Board of Education* – and 15 individuals whose official capacities are not all specified but can be readily identified by the court as ***supervisory employees, hearing officers, board members, and/or lawyers*** acting as agents for either the State or the County Board.

**c.   This complaint is readily identifiable to the undersigned as typical of the meritless complaints processed in this court – against the same or similar defendants – within the last two years.**  Investigation has shown that most, if not all, of these actions have been facilitated  by the same non-lawyer – a former employee of the school board  – and many of the named plaintiffs appear well-intentioned though misguided in pursuit of claims on behalf of emotionally disturbed, disabled, handicapped, or misbehaving children. The defendants sued have been caused to expend considerable resources in defense of these actions.  Moreover, the lawyer-defendants  – sued only as a result of their representation of the  school boards in due process hearings conducted for the aggrieved parents or children – have been exposed to a significant and continuing economic injury arising from their obligation to report such lawsuits to their malpractice insurance carriers.  Almost a dozen of these lawsuits have burdened this court unreasonably, including the following actions in which the undersigned Magistrate Judge participated:

> *Case No. 2:04cv-453-A*:  Kerwin Turner, a minor by his parent and guardian as next friend, Barbara Turner v. Montgomery County Board of Education, et. al.,

> *Case No. 2:04cv-528-A*:   Kendrick Turner, a minor by his parent and guardian as next friend, Barbara Turner v. Montgomery County Board of Education, et. al.,

> *Case No. 2:04cv-496-A*:  Kerwin Turner, a minor by his parent and guardian as next friend, Barbara Turner v. Judge Robert Bailey,  Montgomery County Youth Facility, Montgomery County Board of Education, et. al.,

**d.  The complaint submitted by "Cassandra Williams and BW" is deficient under the Federal Rules of Civil Procedure**.  It does not  clarify the status of plaintiffs who have standing to complain, and it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." (Rule 8).   Moreover, it is evident that many, if not all, of the defendants designated cannot by law be sued for the relief requested under the jurisdictional provisions loosely alleged..

**e. If this action proceeds with a *pro se* plaintiff, *this Court will fulfill its  duty*** to conserve its limited resources and the equally limited resources of public entities by ensuring that those who are granted the privilege of filing lawsuits without prepayment of filing fees do not abuse that privilege by  maintaining  lawsuits which cannot be sustained under applicable laws.

Whether this action proceeds with or without a filing fee, the **provisions of Rule 11 will be strictly enforced to ensure  that it**

3

(1) ..is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law of the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

Done this 15th day of July, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE