Exhibit SEA-05-02

# COMPLAINT INVESTIGATION REPORT
## Special Education Services
## Alabama State Department of Education

| | | | |
|---|---|---|---|
| School System: | Montgomery County | Complaint Number: | 05-02 |
| Student Name: | Brian Williams | Referenced in document as: | student |
| Complaint Contact: | Doris McQuiddy | Date Complaint Filed: | 1/20/2005 |
| Report Approved by: | Dr. Mabrey Whetstone, Director | Closing Date: | 3/18/2005 |

## Complaint Issues:

Whether or not the school system has violated the *Alabama Administrative Code* at:

| | |
|---|---|
| 290-8-9-.08(2)(c)1. | That requires the school system to provide access to records by parents and their representatives. All educational records relating to identification, evaluation, and educational placement of their child that are collected, maintained, or used by the school system may be inspected and reviewed without unnecessary delay (within forty-five days) and before any meeting regarding an IEP or before a due process hearing is conducted. |
| 290-8-9-.02(5)(b) and 290-8-9-.07(6)(a)1. | That requires the school system to conduct reevaluations if conditions warrant, or if the student's parents or teachers request it and consent is obtained prior to the evaluation. |
| | That requires the school system to provide an evaluation of the needs of the student with disabilities, including a functional evaluation of the student in the student's customary environment. |
| 290-8-9-(3) | That ensures parents the right to obtain an independent educational evaluation of their child if the parents disagree with an evaluation the school system has provided. |
| 290-8-9-.05(9) | That requires the school system to provide notice of proposed IEP Team meetings. |
| 290-8-9-.06(3)(h) | That requires the school system to provide a continuum of alternative placements to meet the needs of students with disabilities and that if the student is provided less than six hours per week outside of the general education setting the least restrictive environment on the IEP reflects the amount of services within the given range. |

## Documents Received by Investigator from:

### Complainant:
- A fax in memorandum format was received on January 20, 2005, containing a variety of issues.
- Five issues found within the memorandum that could be addressed by this 60-day complaint process are provided above as complaint issues. No specific documentation of any of the allegations was provided.
- When sent a copy of the school system's response of February 14, 2005, and provided written notice of the opportunity to provide additional information, the student's parent did not respond.

School System: __Montgomery County__    Complaint Number: __05-02__
Page 2

Exhibit SEA-05-02

**School:**
- The school system's response was received on February 14, 2005, and contained the following points of information and documentation.
  - The school system complied with the request for access to the records by school personnel delivering a copy of all the records to the parent's home on January 20, 2005. A copy of the same records was also mailed by certified mail and documentation was attempted on February 2, 2005 at 12:06 p.m., indicating the packet could be picked up from the post office. The post office confirmed that as of February 9, 2005, no one had picked up the package.
  - Since Ms. Sawyer did not have a meeting regarding the student, there is no prior written notice of intent.
  - The school system stated that it is unclear what specific complaints and requests for hearings is referenced, however it submitted that the student's parent failed to follow proper procedures when there was such a complaint or request for a hearing.
  - The interim special education director complied with requisite "Procedural Safeguards of the Federal laws, Alabama Code and Local Education Agency policy as it relates to mandatory grievance procedures to resolve [parent's] concerns regarding evaluations, placement, provision of Free Appropriate Public Education and [parent's] request for a grievance hearing at the Local Education Agency Level." The director never received a "request for a grievance hearing."
  - The right to a prior written notice of intent as referenced in this complaint was not necessary since none of the complaint allegations relate to when such a notice is required. The form and instructions for use were submitted as documentation.
  - The student's 2003-2004 IEP was not updated for goals and benchmarks. The student's 2004-2005 IEP indicates that progress was made in the area of behavior.
  - The Assistive Technology evaluation referral was completed on September 14, 2004, and the Assistive Technology Recommendation was delivered on October 11, 2004. Documentation was included.
  - The student's 2003-2004 IEP expired on September 3, 2004. It was included as documentation. A notice of meeting was sent to the student's parent prior to the expiration date of the IEP. The student's 2004-2005 IEP was written on September 20, 2004. The student's parent refers to August 9, 2004, and the student's IEP was still current and valid at that time.
  - There were no "MET" or "MEDC" meetings held. The last eligibility meeting was held in 2003 and the report was provided as documentation.
  - The parent's complaint regarding homebound services for the student have been addressed by the United States Department of Education Office for Civil Rights (OCR) and the school system is complying with an OCR Resolution Agreement.
  - The school personnel were not required to inform the parent regarding *Lee v. Macon* awareness training. The training referred to by the parent in this complaint was conducted for school system employees only. Eligibility requirements for a specific learning disability were discussed at the student's most recent eligibility meeting attended by the parent.
  - The interim special education director investigated the parent's concerns regarding two employees. She found no indication of "resistance to the terms and agreements of *IDEA* and the *Lee v. Macon Consent Decree* as it relates to positive behavior interventions and functional behavior assessments" by the two employees.

**Interviews of:**
- Mrs. Martha Kirkland, Interim Special Education Director, March 21, 2005.
  - The school system will provide a math course in summer school at LEA expense if the student

School System:     Montgomery County     Complaint Number:     05-02
Page 3

Exhibit SEA-05-02

- needs to take another math course.
- The student received the Alpha Smart 3000 that was recommended on September 24, 2004.
- She believes the school system provided a speech and language evaluation, along with the other evaluations shown on the student's IEP.
- The school system did provide training about developing appropriate IEPs to implement the OCR resolution agreement.
- As soon as possible after Spring Break, the school system will decide whether it will provide an independent education evaluation as requested within the request for this complaint or whether it will request a due process hearing to demonstrate that its evaluations are appropriate.

**Findings of Fact:**

1. The student is eighteen years old and eligible for special education and related services in the area of specific learning disabilities as of the last determination on August 8, 2003.
2. The school system presented documentation that it provided the opportunity for access to the student's educational records on January 20, 2005, by taking a copy to the parent's home. This would have been day 45 from the request for records made according to the parent on December 6, 2004. The school system also provided a copy by certified mail on February 2, 2005, that was according to the post office not picked up.
3. There was a gap between the 2003-2004 IEP from September 3, 2004, when that IEP expired and the 2004-2005 IEP developed on September 20, 2004, when the student did not have a current IEP. There was no documentation of an IEP meeting of August 9, 2004, since the meeting was a conference for the parent to meet with teachers.
4. The IEPs demonstrate that appropriate evaluations were available to develop/revise the educational plan for the student. The student received the assistive technology evaluation and the Alpha Smart 3000 that was recommended for him.
5. The school system provided a notice of the IEP meetings. *The Notice of Intent Regarding Special Education Services* must be used when it is decided not to accept a referral for an evaluation to determine eligibility for special education; to document the IEP Team's decision to change the least restrictive environment of the student if the parent/student is not in attendance at the IEP Team meeting; to document the IEP Team's decision not to provide the special education/related service the parent/student is requesting to be included in the IEP; and to document that the student will not be returning to school the next school year because the student will be graduating from high school with the Alabama High School Diploma or will be age twenty-one prior to September 1 of the next school year.
6. The school system did not respond to the issue pertaining to the request for an independent education evaluation until the interim special education coordinator stated that a decision would be made as soon as possible after the Spring Break.
7. The school system provided educational services to the student at Lanier High School for the 2003-2004 school year and the IEP shows that the student received 6-21 hours outside the regular classroom per week. In January 2004, he was changed to homebound instruction and provided 3 hours per week. For the 2004-2005 school year the student returned to the school environment at Jefferson Davis High School. The change to homebound was not sent as documentation with the complaint response. The IEP Addendum and the least restrictive environment documentation for services provided outside the regular classroom were not reviewed.

School System:     Montgomery County          Complaint Number:     05-02
Page 4

Exhibit SEA-05-02

## Conclusions:

1. The parent requested access to the student's educational records and the school system provided access to the student's educational records by taking a copy to the parent's home within 45 days of the request. The parent did not accept the opportunity to receive an additional copy of the records by accepting the certified copy at home or picking up the certified copy from the post office. The school system has complied with 290-8-9-.08(2)(c)1.
2. The school system provided appropriate notices of proposed IEP Team meetings and the school system provided documentation of compliance with 290-8-9-.05(9).
3. The school system conducted reevaluation to determine if the student remains eligible and met on August 8, 2003, to determine the student continued to be eligible. Evaluations were also conducted to update the student's IEP, including language (oral and written expression) and reading. The school system provided the assistive technology evaluation and the Alpha Smart 3000 that was recommended as a result of the evaluation. However the school system did not specifically respond to whether it responded to the parent's request for a complete evaluation on March 19, 2004. The school system has not demonstrated that it completed the process required when a parent requests an evaluation (reevaluation) by convening the IEP Team and deciding whether an evaluation is needed; having the parent provide written consent and conducting the evaluation. Alternatively the IEP Team could decide that the evaluation is not needed and notify the parent of the decision. The *Notice of Intent Regarding Special Education Services* could be used to provide this notice, though this form is not specifically required for this specific purpose. Since the school system did not report on this issue, it is considered to be in violation of 290-8-9-.02(b).
4. There is substantial evidence that the current IEP contains academic evaluations of the student's functional achievement in various academic areas demonstrating compliance with 290-8-9-.07(6)(a).
5. The school system did not originally respond to the parent's request for an independent educational evaluation that was presented as part of this complaint process. Through an interview with the interim special education director, the school system has assured that a decision will be made soon. In the meantime, the school system is in violation of 290-8-9-.05(9) for not responding to the parent as of March 21, 2005.
6. The school system has provided this student with at least two of the least restrictive environments on the continuum of alternative placements to meet the needs of this student with disabilities. The current IEP correctly reflects the hours of services provided to the student. The school system did not present the student's IEP Addendum addressing the change to home bound services as of January 2004. As the documentation was not available there may have been an error in reporting that there was a change from 6-21 hours per week to 3 hours per week. The IEP Team met and made the decisions regarding the student's least restrictive environment in each case. At most there may have been a procedural error in violation of 290-8-9-.06(3)(h) in changing the numbers to reflect the amount of services, but certainly not the intent of where the services were to be provided. The error would not have changed funding the school system was due and did not affect the provision of services that the IEP Team had agreed was necessary.
7. While the student was provided homebound services, the student did not receive all the instruction agreed upon in the IEP, including math instruction. This failure was addressed through a Resolution Agreement with OCR. The school system has stated its intent through the interim special education director on March 21, 2005, to provide a math course in summer school at LEA expense, if the student needs to take another math course. This action along with continuing to implement the Resolution Agreement with OCR is an appropriate remedy.

School System:      Montgomery County            Complaint Number:      05-02
Page 5

*Exhibit SEA - 05-02*

8. There was a gap from September 3 to 20, 2004, when the student did not have a valid, current IEP. This is a violation of 290-8-9-.05 requiring that an IEP be in place before the provision of special education and related services. There is no indication from either party that services were ceased for this period of time due to this procedural violation.

**Corrective Action:**

1. Within ten days of the school system's receipt of this *Complaint Investigation Report*, the school system must provide notice to the parent of the action taken or its intent regarding the parent's request for a complete evaluation, including a receptive and expressive language evaluation and a dyslexia evaluation. A copy must be provided to Ms. McQuiddy to place in the complaint file.
2. Within ten days of the school system's receipt of this *Complaint Investigation Report*, the school system must provide notice to the parent of its intent regarding the parent's request for an independent education evaluation (IEE). A copy must be provided to Ms. McQuiddy to be placed in the complaint file. If the school system decides that it will request a due process hearing to document the appropriateness of its evaluation, it must do so within 30 days of receiving this *Complaint Investigation Report*. Otherwise, the school system must obtain signed written consent from the parent and begin the IEE process.
3. Within ten days of the school system's receipt of this *Complaint Investigation Report*, the school system must provide training to teachers and administrators that eligible students must have a valid, current IEP as required by 290-8-9-.05 in order to provide special education and related services. The training for this complaint may be in the form of a memorandum or staff in-service. Within 10 days of the school system's receipt of this *Complaint Investigation Report*, the school system must report to Special Education Services whether or not any educational services were lost to the student due to the violation. If services were lost, the school system must make those services up during this school year. All actions required must be reported to Ms. McQuiddy to place in the complaint file.
4. The school system must provide training to teachers and administrators that when changing a student's least restrictive environment (LRE), the IEP must be reviewed to make all necessary changes in the document that reflect the current LRE, including the number of hours of services outside the regular classroom. If this training has been done through the STI required training, the school system may choose to provide a statement that teachers and administrators have been provided this training and the dates when the training was conducted. Corrective action must be reported within ten days of the school system's receipt of this *Complaint Investigation Report* to Ms. McQuiddy to place in this complaint file.