IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CASSANDRA WILLIAMS and<br>B.W., *a minor,*<br><br>   Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA BOARD OF<br>EDUCATION, *et. al.,*<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    2:05-CV-621-F<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

After being granted qualified permission on August 3, 2005, to proceed *in forma pauperis* with the complaint filed on June 30, 2005,[1] the adult plaintiff, Cassandra Williams, failed to appear at the hearing scheduled at 10:30 a.m. on Tuesday, August 16, 2005, pursuant to 28 U.S.C. § 1915 (a)(1) and (e) (2), and FED.R.CIV.P. Rule 11 (b), notwithstanding notice that failure to attend may result in dismissal of this action. Having secured a court reporter, the court delayed proceedings for fifteen minutes to accommodate any late arrival by the plaintiffs; their non-appearance warrants the entry of relevant findings and final notice of this court's intent to recommend dismissal of this action absent any viable amendment of the complaint in compliance with this order.

---

[1] Upon initial review of this *pro se* plaintiff's complaint purporting to assert claims for herself and a minor as well as her motion to proceed *in forma pauperis*, the court entered an order which detailed serious insufficiencies in both pleadings and provided a reasonable opportunity for the filing of amended pleadings (Doc.5, July 15, 2005). The court detailed its judgment that the complaint lacked sufficient viability for service and encouraged the plaintiff to seek the advice and counsel of a competent lawyer. Notwithstanding its subsequent grant of *in forma pauperis* status to the adult plaintiff, the court advised the Clerk "to delay issuance of any summons for service of the complaint pending further instructions following necessary proceedings – scheduled by order filed herewith – to review the merits of the complaint." (Doc. 7, Aug. 3, 2005)

## I. FINDINGS

*1. Plaintiff's failure to attend the scheduled hearing appears to be knowing and intentional.*

Plaintiff has not provided the Clerk with any change in the address and telephone number supplied when she filed her complaint on June 30, 2005. Accordingly, there is no reason to believe that she did not receive on or about August 4, 2005, the court's August 3, 2005 *Order* (Doc. 8) instructing her to appear, along with the minor she purports to represent, and cautioning that non-appearance might result in a recommendation for dismissal of this action. Upon notice of the adult plaintiff's filing of a motion on August 12, 2005 (Doc. 9), the court promptly instructed the Clerk to provide telephone notice to her of the court's denial of the motion and of her continuing obligation to appear for the scheduled hearing as previously instructed. The Clerk's documentation of unsuccessful efforts to speak directly with the adult plaintiff (see docket entries for August 15, 2005) provides a compelling basis for the court's conclusion that the plaintiff deliberately evaded such communications. Moreover, the plaintiff's filing on August 14, 2005, of a motion for appointment of counsel (Doc.11) is probative of her awareness of the scheduled hearing.

*2. Plaintiff has not complied with the court's instruction to establish her relationship to, and the age of, the minor whose interests she purports to represent; assuming a parent-child relationship, the adult Plaintiff has no standing to assert for him the purported claims referenced, albeit with insufficient specificity, in her complaint..*

The initial order directed to plaintiff after the filing of her complaint advised, in relevant part:

•Although the Complaint identifies "Cassandra Williams and BW" as plaintiffs who reside at the same address, their relationship to each other is not described; nor does the complaint represent BW to be a minor. Thus, the court is unable to declare with certainty either that this action can proceed on his behalf if he is represented by a proper party under Rule 17(c) of the Federal Rules of Civil Procedure, or that Cassandra Williams is a proper representative for him.

The *in forma pauperis* motion filed by Plaintiff on July 28, 2005 (Doc.6) does not indicate her relationship to, or the age of, the minor identified as "B.W."

A liberal construction of the complaint discloses Plaintiff's intent to assert rights claimed by B.W. under the Individuals with Disabilities Education Act ("IDEA"). Neither IDEA nor any other authority authorizes a non-lawyer parent to represent their children *pro se* in cases brought pursuant to IDEA. *See Devine v. Indian River County School Board*, 121 F.3d 576 (11th Cir. 1997. Cassandra Williams is not a lawyer.

***3. The complaint presents no viable causes of action for which Plaintiff Cassandra Williams can seek any relief in this court against the designated plaintiffs.***

Indeed, only the following unembellished allegations in the complaint can be attributable – assuming a liberal construction – to any claim on her behalf:

> 10. Ignored parent concerns and rights
> 14. P. Michael Cole (Hearing Officer) conspired with other government and private actors to violate Plaintiff's statutory rights (section 1985) . . . Connie Sawyer violated IDEA and FERPA by disclosing personally identifiable information to a disinterested third party (Bill Rogers) without parental consent."

A complaint premised solely on these allegations is too deficient for service. As previously advised in the Order filed July 15, 2005:

> **b. Designated as defendants in this complaint are public entities** supported by taxpayer funds– *the State of Alabama Board of Education and the Montgomery County Board of Education* – and 15 individuals whose official capacities are not all specified but can be readily identified by the court as ***supervisory employees, hearing officers, board members, and/or lawyers*** acting as agents for either the State or the County Board.
>
> **d. The complaint submitted by "Cassandra Williams and BW" is deficient under the Federal Rules of Civil Procedure**. It does not clarify the status of plaintiffs who have standing to complain, and it fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." (Rule 8).

## II.   ORDER

Consistent with the foregoing findings. it is **ORDERED** as follows:

**1.  Plaintiff Cassandra Williams shall file by August 31, 2005, a pleading which states any good cause for her non-appearance at the scheduled hearing on August 16, 2005,** and otherwise shows any good cause why she should not be held in contempt for failure to comply withy this court's orders.  Failure to comply with this instruction may result in a recommendation that the court withdraw her privilege to proceed *in forma pauperis and/or dismiss this action.*

**2.  Plaintiff Cassandra Williams may file by August 31, 2005, an amended complaint** which states sufficiently any cause of action for which she may seek relief against any or all of the named defendants.  She is advised again to seek competent legal counsel prior to filing the amended complaint and to read, and be guided by, this court's previous orders detailing both the insufficiencies of her complaint as well as the procedural rules (Rules 8 and 11) and statute (28 U.S.C. §1915) by which her complaint will be reviewed.  **The Clerk is instructed not to serve any amended complaint on any defendant pending further review and instructions by this court.**

**3.  Plaintiff Cassandra Williams may not represent the interests of B.W. on any cause of action grounded on the Individuals with Disabilities Education Act**.  Any amended complaint filed by her should not assert interests on his behalf.

**4.  This court will not appoint a lawyer** to represent either Plaintiff Cassandra Williams or Plaintiff B.W., the purported minor.

**5.  Plaintiff Cassandra Williams is barred from filing any further motions or pleadings, and the court is instructed not to docket any, pending the filing and review of any amended complaint in compliance with this Order**.

**6.  Failure to file an amended complaint by the August 31 deadline will result in a recommendation for dismissal of this action with prejudice.**

Done this 16th day of August, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE