IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CASSANDRA WILLIAMS, and<br>B.W., *a minor*,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF ALABAMA BOARD<br>OF EDUCATION, *et. al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No.: 2:05-cv-621-F<br>)         WO<br>)<br>)<br>)<br>) |

**<u>ORDER</u>**

This cause is before the Court on the Recommendation of the Magistrate Judge that this case be dismissed without prejudice (Doc. # 19) and Plaintiffs' Emergency Motion for Recusal of Judge Fuller and Magistrate Boyd (Doc. # 22).

**I. Discussion**

*A. Recommendation Of the Magistrate Judge*

On September 29, 2005, United States Magistrate Judge Boyd entered a Recommendation that this case be dismissed without prejudice, prior to service of the complaint, for Plaintiffs' failure to comply with the Court's orders and for subsequent non-prosecution of this case (Doc. # 19). On October 6, 2005, Plaintiffs filed an objection to the Recommendation (Doc. # 21). Plaintiffs' objection merely makes the general argument that their case should be considered by the Court. The Recommendation states that "[f]rivolous, conclusive or general objections will not be considered by the District Court." Therefore,

plaintiff's objection is due to be overruled. Upon an independent review of the file in this case and upon consideration of the Recommendation of the Magistrate Judge, the Court finds that it is due to be adopted.

B. *Motion for Recusal*[1]

On October 6, 2005, Plaintiffs filed an Emergency Motion for Recusal of Judge Fuller and Magistrate Boyd (Doc. # 22). In that Motion, as to Judge Fuller, Plaintiffs assert that:

> 2. Judge Fuller failed to make motions to recuse Judge M. Thompson [who was originally assigned to this case] or set aside and thus the record does not support the illegal switch of judges.
> 3. Judge Fuller has an obvious conflict of interest that interferes with his objectivity in this case. He may be connected to James Seale or Erica Tatum in this case.

As to Plaintiffs' first claim, "[t]he assignment and reassignment of specific court cases between or among the judges of a multi-judge court is a matter within the internal government of that court and a litigant does not have standing to enforce internal court policy with respect to the assignment of judges." 46 Am. Jur. 2d. Judges § 26; *see also Kruckenberg v. Powell*, 422 So. 2d 994 (Fla. Dist. Ct. App. 1982). As to the second claim, there are no facts supporting Plaintiffs' allegation that this Judge has "an obvious conflict of interest" because he "may be connected to James Seale or Erica Tatum." Therefore, Plaintiffs' Emergency Motion for Recusal of Judge Fuller and Magistrate Boyd, is due to

---

[1] Judge Boyd denied this motion to the extent of its request for her recusal. This order addresses the motion only to the extent of its request for recusal of Judge Fuller.

be denied to the extent of its request to recuse Judge Fuller.

## II. Conclusion

It is hereby ORDERED that

1. Plaintiffs' objection to the Recommendation of the Magistrate Judge (Doc. # 21) is OVERRULED and the Recommendation of the Magistrate Judge (Doc. # 19) is ADOPTED.

2. Plaintiffs' Emergency Motion for Recusal of Judge Fuller and Magistrate Boyd (Doc. # 22) is DENIED.

The Court will enter a separate final judgment consistent with this Order.

DONE this 17th day of October, 2005.

                                                  /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE