IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 OCT 25 P 5:08

| | |
|---|---|
| Mrs. C. Williams (PRO SE) <br> PLAINTIFF <br><br> B. W., <br>     PLAINTIFF <br>     v. <br> Montgomery County Board of Education <br> State of Alabama Board of Education <br> Rusty Baker, individually and official capacity; <br> Jimmy Barker, individually and official capacity <br> Gloria Bean, individually and official capacity, <br> Michael Cole, individually and official capacity <br> Lester Henderson, individually and official capacity <br> Shannon Hill, individually and official capacity <br> Martha Kirkland, individually and official capacity <br> Mike Looney, individually and official capacity <br> Tommie Miller, individually and official capacity <br> Ann McCurdy, individually and official capacity <br> Doris Mc Quiddy, individually and official capacity <br> Connie Sawyer, individually and official capacity <br> Erica Tatum, individually and official capacity <br> Margaret Traylor, individually and official capacity <br> Whetstone, individually and official capacity <br> DEFENDANTS | : Appeal: Case No.: 2:05-cv-00621 <br> : Alabama Middle District <br> : <br> : STATE SP. ED. DUE PROCESS HEARING Case No. 05-67 <br> : Hearing Date: May 10, 2005 <br> : <br> : Lee v. Macon 2:70-cv-03103-MHT- BRB <br> : <br> : <br> : Jurisdiction: Federal Question <br> : <br> : APPEAL DOCKET NO. U S C A Case No.: 05-14773 |

## MOTION FOR RECONSIDERATION
### AND
## MOTION FOR REINSTATEMENT OF JUDGE M. THOMPSON

COMES NOW your Plaintiff, and respectfully seek reconsideration. Further your plaintiff request that said Honorable and fair Judge M. Thompson be reinstated as the Federal Judge assigned to hear the above styled case and gives notice of objection and question if said switch without cause or motion is legal and well intended under the circumstances. The switch has caused damage to plaintiff. Plaintiff states the following grounds:

1. Plaintiff objects to Magistrate Boyd and Judge Fuller's order on the grounds of plain error, abuse of discretion and manifest injustice.
2. Honorable Magistrate D. Boyd and Judge Fuller gives the appearance of impropriety by acting as de facto counsel for Defendants. Neither party requested leave to submit additional evidence or filed a request for further evidentiary hearing.
3. Plaintiff is the parent of a child with a disability, who received special education and related services under the authority of the State Department

of Education and Montgomery Public School System, for a period of years. Plaintiff has not waived her rights or her son's rights.

3. The State Department of Education and Montgomery Public School System received federal funds to provide plaintiff's son with Special education and related services to meet his individual and unique needs. The Montgomery Public School System and its staff failed to provide plaintiff's son a Free Appropriate Public Education. The Montgomery Public School System has not complied with the procedural requirements of IDEA, Section 504, ADA and other Federal, state, local laws, statutes, and regulations protecting the rights of qualified disabled students and parents of qualified disabled students and U.S. citizens. The Montgomery Public School System and other officials or agents provided an IEP for Plaintiff's son that was not reasonably calculated to enable him to receive an educational benefit. IDEA, section 504, and ADA entitles Plaintiff to the right to a Free Appropriate Public Education for her son. The conspiracy is obvious. The record, STATE SP. ED. DUE PROCESS HEARING Case No. 05-67, read in its entirety reveals record tampering, witness tampering, perjury, conspiracy, deprivation of Plaintiff statutory and constitutional rights, disability based discrimination and a blatant disrespect for the federal laws, statutes, and regulations protecting the rights of disabled persons and their parents.

4. Plaintiff has participated in meetings, due process hearings and filing of complaints with teachers; school principals; Joy Myrick, Special Education Director; Gloria Bean 504 Compliance officer; Jimmy Barker, ADA Compliance Officer; Mike Looney; Clinton Carter; Tommie Miller, Chairman of Montgomery County Board of Education; Montgomery County Board of Education Members; Erica Tatum, school board attorney responsible for cases arising under IDEA and Section 504 of the Rehabilitation Act; State Department of Special Education; Office of Civil Rights; and the United States District Court for the Middle District of Alabama, for an extended period of time.

5. Magistrate Boyd and Judge Fuller turned a blind eye to the record of the STATE SP. ED. ADMINISTRATIVE DUE PROCESS HEARING PROCEEDINGS CASE NO. 05-67, without sound reasons. Honorable Magistrate Boyd and Judge Fuller used invidious tactics to intentionally harass, intimidate, threaten, and discriminate against your Plaintiff by trying to coerce plaintiff into expanding the STATE Special Education Due Process Hearing Record Case No. 05-67. Under the circumstances their actions constitutes harassment and discrimination made unlawful under the American Disability Act and Section 504. Their resistance to complying with Federal laws, statutes and regulations protecting the rights of disabled persons and their parents has caused plaintiff to be injured.

8. Defendants are not entitled to qualified immunity with regard to claims asserted against them in their individual capacities. Qualified immunity is a question of law to be determined by the court prior to trial. The Eleventh Circuit Court of Appeals has explained the court's consideration of qualified immunity. Defendants had a duty-imposed obligation to comply with clearly established federal laws and Consent Decrees. Under the Supreme Court's opinion in Harlow v. Fitzgerald, 457 U. S. 800, 815-19(1982), "[t]he official's action must be evaluated against clearly established law, consisting of statutory or constitutional rights that a "reasonable person" should have known." Courson, 939 F.2D AT 1487. Plaintiff has not received the Court ordered protections set out in IDEA, section 504, ADA and other Federal laws, statutes, regulations protecting the rights of parents of qualified disabled persons and U.S. citizens. The Magistrate's order is vague and erroneous. It does not have the following: Introduction, standard of review, finding of facts, claims of plaintiff....etc.

9. Honorable Magistrate Boyd intentionally discriminated against your Plaintiff.

10. Honorable Judge Fuller is using his judicial office to advance the private interests of James Seale and Erica Tatum. His ability to be impartial is reasonably questionable. His actions send a clear message to the general public of dishonesty and corruption in the judicial system.

11. Honorable Judge Fuller deprived Plaintiff of constitutional rights and statutory rights. Plaintiff completed and submitted the complaint form published and furnished by the District Court For The Middle District of Alabama Northern Division .

12. Honorable Judge Boyd and Fuller failed to perform basic judicial duties to uphold Federal laws , regulations, and Consent Decrees protecting the rights of qualified disabled persons and U.S. citizens; thus allowing the plaintiff to be damaged. Plaintiff has not received the Court ordered protections set out in the consent decrees (Lee v. Macon and Chris D.) known to James Seale, defendants ,the U.S. 11TH Circuit and the U.S. Middle District of Alabama.

13. Honorable Judge Boyd and Judge Fuller's wilful misconduct and intent to harm pro se plaintiff is perceived as wilful prejudicial conduct.

14. Judge Fuller was not the Judge assigned to preside in **Case No. : 2:05-cv-00621..** Honorable Judge M. Thompson was the Judge assigned to preside in **Case No. : 2:05-cv-00621.**

15. Judge Fuller failed to make motions to recuse Judge M. Thompson or set aside and thus the record does not support the illegal switch of judges.

16. Judge Fuller has an obvious conflict of interest that interferes with his objectivity in this case. He is bias, partial, unfair, without honesty and may

be connected to James Seale and Erica Tatum in this case. Judge Fuller and Judge Boyd tried to fix the case for dismissal and misconstrue the complaint, motions, Federal, local laws, statutes and regulations protecting the rights of parents of qualified disabled students. It appears that Magistrate Boyd chose Judge Fuller to destroy the case by acting without authority and or abusing the "rotation method" used to stop forum shopping. Judge Fuller gives the public appearance of impropriety by acting as de facto counsel for defendants.

17. Magistrate Boyd gives the public appearance of impropriety by acting as de facto counsel for defendants and refusing to comply with Federal, laws, statutes, constitution and regulations protecting the rights of disabled students and parents of qualified disabled students.

Wherefore, prevention of abuse of the judicial process is requested. Plaintiff seeks: Reconsideration and that said honorable and fair Judge M. Thompson be reinstated.

Respectfully Submitted this the 25th day of October, 2005.

*Cassandra Willia—*

## CERTIFICATE OF SERVICE

The undersigned party of record certify that a true and correct copy of the foregoing has been served by placing a copy of the same in the U.S. mail, postage prepaid, and Fax addressed as follows: James Robert Seale Montgomery County Board of Education, Erica Tatum, Tommie Miller, Martha Kirkland, Jimmy Barker, Mike Looney, Gloria Bean, Rusty Baker, Margaret Traylor, Shannon Hill, Connie Sawyer, Ann McCurdy, Lester Henderson, P. O. Box 116, Montgomery, Alabama 36104/ **2693076** ;Alabama State Department of Education/o Reginald Lee Sorrells, Larry Eugene Craven and P. Michael Cole, M. Whetstone, Doris Mc Quiddy, P.O. Box 302102, Montgomery, Alabama 36130-2101   Fax: (334) **242-9192**

Dated this 25th day of October, 2005.

*Cassandra Willia—*

C. Williams, Montgomery, Alabama 36116