[DO NOT PUBLISH]

RECEIVED
2006 JUL 18 P

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 9, 2006
THOMAS K. KAHN
CLERK
```

No. 05-16514
Non-Argument Calendar

D. C. Docket No. 05-00621-CV-F-N

CASSANDRA WILLIAMS,

                  Plaintiff-Appellant,

B.W.
Minor,

                  Plaintiff,

versus

STATE OF ALABAMA BOARD OF EDUCATION,
MONTGOMERY COUNTY BOARD OF EDUCATION,
P. MICHAEL COLE,
ERICA TATUM,
RUSTY BAKER, et al.,

                  Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

**(May 9, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Cassandra Williams appeals, pro se, the dismissal of her complaint without prejudice because Williams failed to comply with orders of the district court. Williams argues on appeal that (1) the district court abused its discretion when it dismissed her complaint for failure to comply with court orders; (2) the district court and magistrate judges abused their discretion when they refused to recuse themselves; and (3) the district court judge erroneously transferred the case to another district court judge. We affirm.

## I. BACKGROUND

Williams filed a civil complaint pro se that alleged that the Montgomery County Board of Education and various officials of the State of Alabama Board of Education violated several federal laws and consent decrees regarding the education of B.W., a disabled minor. Shortly after Williams filed her complaint, Judge Myron H. Thompson transferred the case to Judge Mark E. Fuller. Judge Fuller referred the case to Magistrate Judge Delores R. Boyd.

Williams filed a motion to proceed in forma pauperis, but Judge Boyd denied the motion because the complaint failed to allege that B.W. was a minor and describe the relationship between Williams and B.W. Judge Boyd ordered

Williams to pay the $250 filing fee to the clerk or file a proper in forma pauperis motion. Williams later filed a second in forma pauperis motion, which Judge Boyd granted.

Judge Boyd also directed the clerk not to serve the defendants because the complaint filed by Williams was deficient under Federal Rule of Civil Procedure 11. Judge Boyd found that the complaint failed to allege sufficient facts to establish a violation and sought to recover from certain defendants that could not be held liable as a matter of law. Judge Boyd advised Williams to seek the assistance of a lawyer.

On August 3, 2005, Judge Boyd issued an order that set a hearing for August 16 to determine whether the complaint filed by Williams was sufficient under the Federal Rules. See 28 U.S.C. § 1915(e)(2); Fed. R. Civ. P. 11(b). Judge Boyd warned Williams that "failure to attend may result in the dismissal of" her complaint. Judge Boyd instructed Williams to bring "any records or writings" to establish her relationship with B.W., evidentiary support for her complaint, and the role of each defendant in the alleged violations.

On August 12, Williams filed a motion to waive further evidentiary hearing and included three documents about her complaints. On August 14, Williams filed a motion for appointment of counsel. Judge Boyd found that the motion to waive

the hearing was "inappropriate pending resolution of the scheduled hearing" on August 16. Judge Boyd also denied Williams's motion for appointment of counsel. Judge Boyd again warned Williams that the "complaint will be recommended for DISMISSAL if [Williams] fail[s] to appear" at the hearing on August 16. Judge Boyd instructed the clerk to provide telephone notice as well as notice by mail to Williams.

On the afternoon of August 15, an employee of the Clerk's Office made several unsuccessful attempts to contact Williams. The employee spoke with an individual at Williams's residence, but the phone call ended prematurely when either the call was disconnected or the individual at Williams's residence hung up the phone. Williams failed to appear at the hearing on August 16.

Judge Boyd issued an order that found Williams knowingly and intentionally failed to attend the hearing, Williams failed to establish her relationship to B.W., and the complaint was deficient and failed to establish a violation by the defendants. Judge Boyd ordered Williams, by August 31, to show good cause for her failure to appear and file an amended complaint that alleged sufficient facts to establish a cause of action. Judge Boyd also advised Williams to seek legal counsel, stated that the court would not appoint legal counsel to represent Williams, and barred Williams from filing motions or pleadings until Williams

filed an amended complaint. Judge Boyd warned Williams that "[f]ailure to file an amended complaint by the August 31 deadline will result in a recommendation for dismissal of this action." Williams ignored the order and instead filed a notice of appeal. We dismissed that appeal for lack of jurisdiction because the district court had not adopted the order of the magistrate judge.

On September 29, Judge Boyd recommended that the complaint be dismissed without prejudice for failure to comply with the orders of the court. Williams objected to the recommendation made by Judge Boyd. Williams also filed a motion that sought the recusal of District Court Judge Fuller and Magistrate Judge Boyd because "the record does not support the illegal switch of judges" and Judge Fuller "may be connected" to certain defendants.

The district court adopted the recommendation of the magistrate judge because Williams made only general and conclusory arguments that "will not be considered." The district court also denied Williams's motion for recusal because Williams lacked standing to challenge the assignment of cases to judges and Williams failed to establish that Judge Fuller had a conflict of interest with any defendants.

Williams then filed a motion for reconsideration and reinstatement of Judge Thompson, but the district court denied the motion.

## II. STANDARD OF REVIEW

We review a dismissal for failure to comply with an order of the court for abuse of discretion. Gratton v. Great Amer. Commc'ns, 178 F.3d 1495, 1499 (11th Cir. 1983). We review the refusal to recuse by a district court judge for abuse of discretion. Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).

## III. DISCUSSION

Williams first argues that the district court abused its discretion when it dismissed her complaint for failure to comply with court orders. "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." Gratton, 178 F.3d at 1374; see Fed. R. Civ. P. 41(b). "[T]he district court has the authority to dismiss . . . for failure . . . to comply with its orders or rules of procedure." Brown v. Thompson, 430 F.2d 1214, 1215 (5th Cir. 1970). Williams's argument fails.

The district court did not abuse its discretion. Williams failed to comply with Rule of Civil Procedure 11 to allege sufficient facts that establish her relationship with B.W. and support the violations alleged in her complaint. Williams also failed to comply with the orders of the magistrate judge. Although Judge Boyd repeatedly warned Williams that failure to appear at the August 16 hearing would result in a dismissal, Williams failed to appear. Judge Boyd also

warned Williams that her complaint would be dismissed if Williams failed to show cause for her failure to appear and file a sufficient amended complaint by August 31. Williams failed to comply with both these orders.

The argument by Williams that Judge Fuller abused his discretion when he refused to recuse himself also fails. A judge shall recuse himself where "the judge . . . has a personal bias or prejudice either against [the moving party] or in favor of any adverse party," 28 U.S.C. § 144, or "his impartiality might reasonably be questioned," Christo, 223 F.3d at 1333 (quoting 28 U.S.C. § 455(a)). "To warrant recusal . . . , the moving party must allege facts that would convince a reasonable person that bias actually exists." Id. Williams failed to establish that either Judge Boyd or Judge Fuller acted with bias in the proceedings. Judge Boyd provided Williams with ample notice and opportunities to amend her complaint and advised Williams to seek the advice of counsel. Although Williams argues that Judge Fuller "may be connected" to certain defendants, she fails to allege any facts to establish a connection. The district court did not abuse its discretion to deny her motion for recusal.

Williams erroneously contends that the district court improperly transferred her case from Judge Thompson to Judge Fuller. Because "[d]istrict judges may by rule, order or consent transfer cases between themselves," United States v. Stone,

411 F.2d 697, 598 (5th Cir. 1969), this argument is without merit.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia